Turner *v.* State.

ROBERT TURNER *v.* THE STATE.

1. CRIMINAL LAW. *Circumstantial evidence. Charge of the Court. Familiar rules.* Where an offense is sought to be established by circumstantial evidence, it is error if the lower Court refuses to charge " that the circumstances should be such as to exclude every other hypothesis than that of the defendant's guilt." It is always safer to lay down familiar rules of this character in language universally adopted and approved than to undertake to give a new version in more doubtful language.

2. SAME. *Argument.* It is the duty of the lower Court to see that no improper statements are made in argument, likely to influence the jury. It is not intended to limit or restrict legitimate argument, but a statement of facts entirely outside of the evidence, and highly prejudical to the accused, cannot be justified as argument.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner County. J. C. STARK, J.

C. R. HEAD for Turner

JOHN FRIZZELL for The State.

McFARLAND, J., delivered the opinion of the Court.

This was a conviction of the crime of grand larceny. There was no direct or positive testimony of the defendant's guilt. He was convicted upon circumstantial evidence. We deem it unnecessary to enter into an examination of it. It is sufficient to say that the case was a debatable one, and the evidence required close scrutiny by the jury, and they should have been properly instructed in reference to such evidence.

The Judge's charge on this point is as follows: "If the evidence is circumstantial, and is so strong and so well linked together as to generate in the mind a full belief of the guilt of the defendant, then it would be your duty to convict. But the facts and circumstances should be sufficiently strong, and so connected together, and so point to the defendant's guilt, as to make it not merely probable that the defendant is guilty, for you cannot find upon mere probabilities; but they must convince the mind fairly and fully of the guilt of the defendant, or you should acquit."

The defendant's counsel requested the Judge to charge that, before the jury could convict upon circumstantial evidence alone, the circumstances

should be such as to exclude every other reasonable hypothesis than that of the defendant's guilt. This was refused.

The charge requested is the universal rule in such cases, never denied, so far as we know. The charge given is not its equivalent, either in language or substance. We do not place our objection alone upon the failure of the Judge to tell the jury that they should be convinced of the defendant's guilt beyond a reasonable doubt, or in substituting for the words "reasonable doubt" the words "fully and fairly convinced." Still, the phrase "reasonable doubt" is a settled phrase of the criminal law, and need not be departed from, and there need be no repugnance to its use. But the fatal objection to the charge is the failure of the Judge when specially requested to give to the jury the settled rule to guide them in coming to a conclusion upon circumstantial evidence. It is always safer to lay down familiar rules of this character in language universally adopted and approved, than to undertake to give a new version in more doubtful language. The refusal of the charge requested was error

Many other questions have been made, only one of which we deem it necessary to notice.

We find in the bill of exceptions the affidavits of three members of the bar, who were defendant's counsel, which, in substance, shows that upon the trial below the Attorney-General in his argument to the jury told them that there was a regular

band of thieves in the neighborhood where this crime was committed. That the defendant, Turner, was . one of them, naming a number of others, these names being persons known by the jury to have been recently convicted of crimes. That unless the jury would convict the defendant in this case, he would not blame the people for taking the law in their own hands.

There was no evidence before the jury to authorize this statement. . One of defendant's counsel remonstrated, but the Attorney-General proceeded in the same strain without interruption from the Court. This being a matter occurring in open Court, the proper mode to put it in the record would have been to request the Judge to insert it over his own signature in the bill of exceptions. The Judge, however, makes this affidavit part of the bill of exceptions without qestioning in any manner the correctness of its statements.

We are by no means disposed to interfere unnecessarily with the sound discretion of a Circuit Judge in conducting a trial below in those matters which the law peculiarly entrusts to him. But it is the right of every defendant to have a fair and impartial trial, and the Circuit Judge should see that this is accorded to him. In the heat of debate counsel may often inadvertently travel outside of the evidence, and slight departures from the strict rules in this regard may be overlooked, though it is better always to confine the

14—VOL. 4.

argument strictly to the evidence before the Court and jury. But, upon the most liberal view, the remarks of the Attorney-General, as reported in this bill of exceptions, cannot be justified. His statements, especially in concluding arguments, often have great weight with juries, and in this case he tells the jury that the defendant is one of a band of organized thieves. There was no evidence of this sort before the jury, and the inference is that he made the statement of his own knowledge. Further, he tells the jury that unless they convict the defendant he would not blame the people for taking the law in their own hands. We do not suppose the Attorney-General fully considered the force of this language. It was doubtless said in the heat of debate. Nevertheless, it implies a threat of mob violence unless the jury yield to the demand for a conviction. This, from the law officer of the State, whose duty it is to enforce the law, was improper. The Circuit Judge should not have permitted remarks of this character. It is his duty, whether objections be made by defendant's counsel or not, to see that no improper statements are made likely to influence the jury in their verdict, and that the cause is tried upon the sworn testimony of witnesses examined in open Court in the presence of the accused, and that his right to cross examine the witnesses should not be abridged. We do not mean to limit or restrict legitimate argument, but a statement of facts entirely outside of the evidence, and highly prejudical to the ac-

Turner *v*. State.

cused, cannot be justified as argument. We have no disposition to exercise our revisory power in a censorious spirit, and we do not say that we would reverse for every departure from strict propriety in matters of this character, but we could not hesitate to do so when we can see that improper influences have been permitted to go before the jury likely to deprive the defendant of a fair and impartial trial. The question being brought directly to our attention, we cannot pass it in silence.

Too great care cannot be taken in excluding from the jury all improper influence. If we would make the preservation of jury trials a matter of boast, it ought, as far as possible, to be preserved in its purity. The guilty ought to be punished, but their conviction ought to be obtained upon the law and the evidence. We certainly mean no reflection upon the conduct of the Attorney-General and Circuit Judge, yet we think it was a violation of the defendant's legal rights.

Judgment reversed.