Harness v. State.

NOAH HARNESS *v.* STATE.

(*Knoxville.*   September Term, 1912.)

1. **JUDGES.**   The failure of a special judge to take the dueling oath is a harmless error not affecting the merits, and is no cause for reversal.

The failure of a duly elected special judge, trying a criminal case, to take the dueling oath prescribed by statute (section 1073 of Shannon's Code), where he takes the oath prescribed by statute (section 5731 of Shannon's Code) for special judges that he would "administer justice without respect to persons, and do equal rights to the poor and rich," etc., is no ground for reversal, because such failure does not affect the merits.

Code cited and construed:   Secs. 1073, 5730-5732 (S.); secs. 940, 4695-4697 (M. & V.); secs. 5930a-5930d (T. & S.); sec. 752 (T. & S., and 1858).

Case cited, distinguished, and approved:   Low v. State, 111 Tenn., 81.

2. **REVERSALS AND NEW TRIALS.**   Not granted for errors not affecting the merits; statute enacting court rule into law.

The long settled practice of the supreme court not to reverse cases and grant new trials for errors not affecting the merits is strengthened and confirmed by the statute (Acts 1911, ch. 32) prohibiting the grant of new trials by appellate courts "for any error in any procedure . . . unless it shall affirmatively appear that the error complained of has affected the results of the trial."   This statute merely enacts into law the former practice of the supreme court, and will be enforced, unless fundamental or constitutional rights of parties litigant are violated.   (*Post, pp.* 367, 368.)

Acts cited and construed:   Acts 1911, ch. 32.

### FROM ANDERSON.

Appeal in error from the Circuit Court of Anderson County.—JAMES F. BAKER, Special Judge.

JAS. B. BURNETT, for Harness.

Assistant Attorney-General FAW, for State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was found guilty of the unlawful sale of liquor without a license, and has brought his case to this court. We are of opinion that the judgment of the lower court is sustained by the evidence.

The case was tried by the Honorable James F. Baker, special judge, who was elected in the absence of the judge of the circuit court, in accordance with the provisions of Shannon's Code, 5730-5732. The clerk's entry upon the minutes of the court shows that this election was regularly held, Mr. Baker chosen by the members of the bar present, and the oath prescribed in section 5731 of Shannon's Code, to be taken by special judges, was administered to him.

It does not appear, however, that he took the oath prescribed in section 1073 of Shannon's Code, which provides that every public officer shall also take an oath that he has not participated in, or in any way been connected with, a duel since the adoption of the constitution of 1835, etc.

It is urged that the failure of the clerk's entry to show that this oath against dueling was administered to Mr. Baker renders his election void, and all proceedings had in that court while he was acting as special judge void and of no effect, and that for this reason a new trial should be granted to plaintiff in error.

The learned special judge did take the oath, as before stated, prescribed by section 5731, that he would "administer justice, without respect to persons, and do equal rights to the poor and rich." It is not intimated that he was unmindful of the obligation of this oath.

It cannot be conceived, therefore, in what manner his failure to take the dueling oath could have affected the rights of this plaintiff in error. The judge was sworn to administer impartial justice in the case, and did so. His failure to take the dueling oath did not in any way bear upon the disposition of this cause. In other words, the omission to administer this oath to the special judge was an error which does not touch the merits of this case.

This court does not reverse cases and grant new trials for errors which do not affect the merits. Such has long been its settled practice.

Moreover, strengthening and confirming the court in its former practice, is chapter 32 of the Acts of 1911. This act provides that no judgment shall be set aside or new trial granted by any of the appellate courts in either civil or criminal cases *"for any error in any procedure* in the cause, unless, in the opinion of the appellate court to which application is made, after an examina-

tion of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial."

As said before, this statute merely enacts into law the former practice of the court, and will be enforced, unless fundamental or constitutional rights of parties litigant are violated.

It is obvious that the plaintiff in error has suffered no harm by reason of the failure of the special judge to take the dueling oath. The result of the trial below could not have been affected by such a failure, and would have been the same, had such oath been administered.

Therefore, this court cannot reverse this case and grant the plaintiff in error a new trial upon such a ground.

It is insisted that the contention of the plaintiff in error is sustained by the case of *Low* v. *State,* 111 Tenn., 81, 78 S. W., 110. In that case the point decided was that a special judge, elected for one term, could not legally sit and dispose of cases at a subsequent term, but that his powers and duties ended with the adjournment of the term for which he was elected to preside.

Inasmuch as the practice of electing special judges had been extremely loose and informal, and the results sometimes objectionable, it was sought in the *Low Case,* by this court, to point out the proper practice to be followed, under the statute, in the selection of special judges, that such elections might be invested with a becoming dignity and regularity and a proper record made thereof. Much was said in that case, not necessary for

Harness v. State.

the determination of the particular question before the court, with a view of emphasizing the importance of electing and qualifying special judges in an orderly manner, according to the provisions of the statute. The court did not mean to say, however, that it would reverse cases tried by such judges for every variation from the proper practice in their election.

There is a vast difference between acts of a special judge who undertakes to hold court after the occasion for which he was elected has passed, when he is without a shadow of authority, and the acts of a special judge duly elected and qualified in every respect, except as to his failure to take a now relatively unimportant part of the oath prescribed for public officials. The *Low Case*, therefore, in no wise conflicts with what we have herein said.

Judgment affirmed.