REUBEN JOSEPH SAMBOLIN and RAYMOND EARL MARTIN

*v.*

STATE OF TENNESSEE.

REUBEN JOSEPH SAMBOLIN and WILLIAM LEE TOWERS,

*v.*

STATE OF TENNESSEE.

387 S.W.2d 817.

(*Jackson,* April Term, 1964.)

Opinion filed March 4, 1965.

570

HUGH STANTON, HUGH W. STANTON, JR., Memphis, for Reuben Joseph Sambolin and Raymond Earl Martin.

WILLIAM E. CLEAVES, Memphis, for William Lee Towers.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The plaintiffs in error, Reuben Joseph Sambolin and Raymond Earl Martin, hereinafter called the defendants or referred to by name, were convicted of robbery with a deadly weapon. Reuben Joseph Sambolin was sentenced to serve twenty years in the State Penitentiary and Raymond Earl Martin was sentenced to serve twelve years in the State Penitentitary.

Defendants have been convicted of robbing, with a deadly weapon, the Holiday Inn Motel at 1262 Union Avenue in Memphis, Tennessee. Mrs. Stella Vines, the night auditor, reported for work at this motel at 10:30 P.M. on the night of 7 October 1963. Her shift ended at 7:30 A.M. the following morning. This witness testified she was alone at 2:30 A.M. when two white men entered ordering her to put all the money out on the counter. Defendants took $15.00 from her purse, $200.00 in money and $1,700.00 in checks the property of Holiday Inn. This witness identified the defendants as being the two white men who committed the robbery and stated each was armed with a pistol in his hand.

■ There is no assignment of error regarding the sufficiency of the evidence. The testimony of Mrs. Vines, without additional evidence, is sufficient to justify this conviction. The testimony of this witness is not challenged in this record and such being the case this testimony weighs in our decisions on the errors alleged by the assignments of error.

Defendants were arrested late in the afternoon of 15 October 1963 and questioned by police officers. During this questioning each defendant admitted this robbery giving some of the details. These oral admissions were reduced to writing by the officers and made a part of their police report. The following day, about noon, each defendant signed a written confession.

In accord with T.C.A. Sec. 40-2441 Counsel for defendants made proper request for all statements made by defendants that had been reduced to writing. Counsel was furnished copies of the written and signed confessions but the oral statements made a part of the police report were not given to Counsel. Upon the trial the police officers, over objections of defendants, were allowed to testify in regard to these oral confessions. This action on the part of the Trial Judge is assigned here as error. T.C.A. Sec. 40-2441 is as follows:

"Whenever a written or oral confession or admission against interest shall have been made before any law enforcement officer or agency in this state by any person charged with any crime, a copy of such confession, or admission against interest, if written, together with a list of the names and addresses of all persons present at the time such confession or admission against interest was made, shall be given to the defendant or his counsel on demand. If such confession

or admission against interest was not reduced to writing, then a list of the names and addresses of all persons present at the time the confession or admission against interest was made shall be furnished.

"No confession or admission against interest shall be admitted as evidence in any case unless a copy of the confession or admission against interest and/or list of names and addresses of persons present at the time the confession was made is furnished as required by this section." Section 40-2441.

■ The question here for decision is whether this code section would apply to these oral statements or confessions later reduced to writing in the police report. This is a recently enacted statute being Chapter 96 of the Public Acts of 1963. We think, under this statute, it was the intention of the legislature to allow any defendant, upon demand, to secure a copy of all confessions or admissions against interest made to law enforcement officers whether such was written at the time or later reduced to writing, if such are to be used in evidence against the defendant. This statute includes signed confessions but is not limited to such.

■■ It has long been a general rule of law in this State that when a part of a confession or admission is entered in evidence the defendant is entitled to have all of it considered by the jury. *Tipton v. State,* 7 Tenn. 308; *Espitia v. State,* 199 Tenn. 696, 288 S.W.2d 731. Counsel for defendants could not determine whether or not the whole confession is before the jury without an opportunity to see the written summary made by the officers of defendant's oral confession. The Trial Judge was in error in allowing the officers to testify in regard to these

oral admissions, later reduced to writing, which were not furnished defendant upon request. '

■ Defendants, being indigent, timely requested the Court for funds to be paid by the State in order to secure the services of a court reporter. The Trial Judge denied the request and such is assigned here as error. The answer to this assignment is found in *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157. The narrative bill of exceptions filed in this case is excellent and ample for the full needs of this Court to give defendants an appellate review.

There are assignments of error in regard to the signed confessions and the search of defendant's premises. We do not deem it necessary to comment on these since, under the view we take of the case, these alleged errors, if errors, are harmless errors.

■ We think this is a proper case to apply T.C.A. Sections 27-116 and 27-117. This Court has consistently held errors affecting the constitutional rights of a defendant are not saved by these statutes. In the case at bar there are errors assigned affecting the constitutional rights of defendants which have not been discussed in detail in this opinion. These errors require a decision on questions of fact which have been resolved against the defendants by the Court and jury below. The record supports the finding of the trial court on these matters.

■ The application of these statutes upon alleged errors, not affecting constitutional rights, is a matter of judgment. In a criminal case the effect of the admission of incompetent evidence upon the jury in a case where the record, without the incompetent evidence, reflects doubt of guilt is viewed in a different light than a record where, without the incompetent evidence, there is a rea-

sonable doubt of guilt. See *Landers v. State,* 157 Tenn. 648, 11 S.W.2d 868.

This Court, in *Wilson v. State,* 109 Tenn. 167, 70 S.W. 57 and quoted with approval in *Hamblin v. State,* 126 Tenn. 394, 150 S.W. 89, in regard to these statutes said, "(This Court) * * * will not permit an offender to escape through mere irregularities and technicalities, *nor even through errors which it can see have not operated to the prejudice and hurt of the defendant."* emphasis supplied.

■ In the case at bar, with all alleged erroneous evidence excluded, we have no doubt the jury would have reached the same result, unless they acted arbitrarily, which we cannot assume they would have done. Thus we find no errors in this record which operated to the prejudice of these defendants.

We have a case here on appeal styled *Reuben Joseph Sambolin and William Lee Towers vs. State of Tennessee.* This case from the Criminal Court of Shelby County is under Indictment No. 97331. Counsel for these defendants and Counsel for the State have stated in oral argument, before this Court, that the same matters are at issue in both cases and this opinion will suffice for both.

It results the judgment in the Criminal Court for Shelby County against Reuben Joseph Sambolin and Raymond Earl Martin under Indictment No. 97330 is affirmed. Also the judgment in the Criminal Court for Shelby County against Reuben Joseph Sambolin and William Lee Towers, under Indictment No. 97331, is affirmed.