296

Bobby Chadwick, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

409 S.W.2d 367.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

Bill B. Moss, of counsel, Finnell & Thompson, Cleveland, for plaintiff in error.

George F. McCanless, Attorney General, Robert F. Hedgepath, Assistant Attorney General, Nashville, for defendant in error; and James P. Watkins, District Attorney General, Madisonville, prosecuted case for State in trial court.

Mr. Justice Dyer delivered the opinion of the Court.

Plaintiff in error, Bobby Chadwick, appeals from a conviction of grand larceny for which he has been sentenced to serve from three to ten years in the State Penitentiary. In this opinion plaintiff in error will be referred to as defendant.

On the night of 3 February 1965 the home of William Paul Keasler in Bradley County, Tennessee was broken into and a collection of guns stolen. Defendant and one, Luther Swallows, Jr., were jointly indicted for this

crime. The State obtained a severance as to Luther Swallows, Jr. and the case at bar involves only the defendant. Luther Swallows, Jr. testified as a witness for the State and at the time was an inmate of the State Penitentiary serving time for other crimes than the one charged in this indictment. This fact, of Swallows being a convict, was made known to the jury. The witness Swallows testified he and defendant broke into the Keasler home through a back door and removed therefrom a collection of guns about thirty six in number and being shotguns, rifles and pistols. He testified he kept all but five which defendant took with him. This witness testified among the firearms kept by defendant were a .22 pistol, a .45 pistol and a .410 gauge shotgun.

Defendant, while confined in the county jail, had a conversation with Amos Burnette a policeman with the City of Cleveland, Tennessee. As a result of this conversation defendant was released, without bond, from the county jail for several hours. Defendant, during these several hours away from jail, called Officer Burnette, via telephone, and told him he had recovered one of the guns and would send it to the jail by J. B. Swallows a brother of the witness, Luther Swallows, Jr. As result of this telephone conversation this gun was delivered to the jail and identified as one taken from the home of Mr. Keasler.

Counsel for defendant, under T.C.A. sec. 40-2441, made request of the District Attorney General to be furnished with a copy of any written confession or admission made by defendant and a list of names of persons present when any admission or confession was made orally by defendant. The District Attorney General did not respond. Error is assigned to admission into evidence

of certain statements made by defendant on the ground this statute applied to these statements and, since same was not complied with, the statements were not admissible.

■ Error is alleged to certain statements against interest made by defendant to Paul Keasler and Luther Swallows and introduced into evidence by their testimony. T.C.A. sec. 40-2441 applies only to admissions or confessions made "before any law enforcement officer or agency in this state." The word "before" as used in this statute also means "to" any law enforcement officers or agency in this state. The witnesses Keasler and Swallows are not in any category designated by this statute and any statements against interest made to them by defendant would be admissible in evidence without compliance with this statute.

William Paul Keasler testified to a conversation he had with defendant which in substance was: that if the charges against defendant were dropped he (defendant) would help get the guns "cleaned up and everything."

■ ■ Error is alleged to certain statements against interest made by defendant to Officer Burnette and introduced into evidence by his testimony. Statements against interest made to this witness, an officer, would come within the purview of this statute. Defendant objects to the testimony of Officer Burnette to the effect defendant, while on release from jail, had called him and told him he (defendant) had recovered one of Mr. Keasler's guns and would send it up by J. B. Swallows. Under the evidence in this record this statement was an admission against interest. Since the District Attorney General had not complied with T.C.A. sec. 40-2441 the admission of this statement was in error. The decision

here is whether such was harmless error under T.C.A. sec. 27-117.

In *Sambolin v. State,* 215 Tenn. 569, 387 S.W.2d 817 (1965) this court said:

The application of these statutes (27-117) upon alleged errors, not affecting constitutional rights, is a matter of judgment. In a criminal case the effect of the admission of incompetent evidence upon the jury in a case where the record, without the incompetent evidence, reflects doubt of guilt is viewed in a different light than a record where, without the incompetent evidence, there is no reasonable doubt of guilt. See *Landers v. State,* 157 Tenn. 648, 11 S.W.2d 868.

This Court, in *Wilson v. State,* 109 Tenn. 167, 70 S.W. 57 and quoted with approval in *Hamblin v. State,* 126 Tenn. 394, 150 S.W. 89, in regard to these statutes said, "(This court) * * * will not permit an offender to escape through mere irregularities and technicalities, nor even through errors which it can see have not operated to the prejudice and hurt of the defendant." 387 S.W.2d 820

The effect of Officer Burnette's testimony is to connect defendant with a .22 pistol identified as having been stolen from the Keasler home. This fact is material in support of a conviction in this case. Proof of this fact is also in the record by the testimony of J. B. Swallows and Clyde Swallows. Clyde Swallows, a constable of Bradley County, is an uncle of the brothers, J. B. Swallows and Luther Swallows, Jr. J. B. Swallows said defendant brought the pistol to him and it was then delivered to Clyde Swallows. Clyde Swallows said he got

the pistol from J. B. Swallows and took it to the jail where it was identified by Mr. Keasler. Since the testimony of J. B. Swallows and Clyde Swallows does prove the same fact proven by the testimony of Officer Burnette, then we think error in admitting this testimony of Officer Burnette, in light of all the evidence, would be harmless error. The difficulty we have in reaching this decision is found in the testimony of J. B. Swallows.

J. B. Swallows on cross-examination admitted that, at the preliminary hearing, he had denied receiving a gun from defendant. This of course goes to the credibility of the testimony given by this witness; but his credibility on this point might well be viewed in one light with Officer Burnette's testimony in the record and in another and different light with Officer Burnette's testimony not in the record. It is well to note testimony by J. B. Swallows, on this point, is the only material testimony given by this witness.

We are aware credibility of a witness is a question for the jury; but in examination of a record to determine whether this evidence admitted in error against defendant was in fact harmless or prejudicial we have to weigh such, along with the entire record, in order to make this judgment. The testimony of Officer Burnette, on this point, was prejudicial to defendant when viewed in light of all the evidence. There are other assignments of error which we have reviewed and find without merit.

Judgment reversed and the cause remanded.

. BURNETT, CHIEF JUSTICE, CHATTIN and CREASON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.