REUBEN SAMBOLIN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.
464 S.W.2d 320.

Court of Criminal Appeals of Tennessee. Jan. 19, 1971.

Certiorari Denied by Supreme Court March 1, 1971.

Hugh Stanton, Jr., and Robert I. Livingston, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., James G. Hall, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

MITCHELL, Judge.

Reuben Sambolin, referred to as the petitioner or by name, indigent and represented by the Public Defender, has appealed the dismissal of his post-conviction relief petition without an evidentiary hearing, from the Criminal Court of Shelby County, Tennessee, Honorable William H. Williams, Judge presiding. Respondent will be referred to as the State.

The Grand Jury of Shelby County on October 29, 1963, indicted the petitioner Reuben Sambolin, William Lee Towers and Raymond Earl Martin on a charge of robbery by the use of a deadly weapon. They were tried on March 16, 1964 in the Criminal Court of Shelby County and all three of them were found guilty of robbery by the use of a deadly weapon. The jury fixed the punishment of Sambolin at 15 years in the State Penitentiary and imposed sentences of 10 years each upon Towers and Martin, upon which the trial judge Honorable Perry Sellers pronounced judgment.

On May 5, 1964 the petitioner Sambolin and co-defendant Towers were tried on a second case and found guilty of robbery by the use of a deadly weapon upon which the jury fixed Sambolin's sentence at 20 years in the penitentiary, and nineteen (19) years for Towers.

The petitioner Sambolin and co-defendant Martin were tried on a third indictment on May 25 and 26, 1964 in which the jury found them guilty of robbery by the use of a deadly weapon and fixed Sambolin's punishment at

20 years in the State Penitentiary and fixed Martin's at 12 years in the penitentiary.

In the trial court it was ordered that the three sentences of petitioner Sambolin be served consecutively but later the order was modified requiring the first two sentences to be served consecutively and the third sentence to be served concurrently with the first two, giving the petitioner an effective sentence of thirty-five (35) years.

All three of the cases were appealed to the Supreme Court of Tennessee where the convictions were affirmed and the cases are reported in Sambolin v. State, 215 Tenn. 569, 387 S.W.2d 817 (1965).

The petitioner Sambolin on February 5, 1970 filed a petition for post-conviction relief which was on motion for the State dismissed by the trial court without an evidentiary hearing. The trial judge filed a memorandum opinion concerning his dismissal of the petition.

In his petition, Sambolin alleges that his constitutional rights were violated because in his three trials for armed robbery the confessions of his co-defendants implicating him were admitted in evidence against him and that he was deprived of confrontation of the co-defendants because they did not testify in the case.

He alleged that in his trial the court violated the rule of the Supreme Court of the United States in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

That he was deprived of his right to cross-examine the witnesses against him and that the rule in *Bruton* is retroactive.

The errors assigned by the petitioner are that the trial court erred in refusing to grant an evidentiary hearing of his petition and that he was denied the right of confrontation on the confessions of his co-defendants at their joint trial where neither of the co-defendants took the witness stand.

It is the petitioner's contention that the admission in the trial court of the confessions of his co-defendants implicating him in the robbery and their failure to take the witness stand was an encroachment upon his right to confrontation, and thereby violated his Sixth Amendment right of cross-examination.

We recognize the force of the rule in the Bruton case that an alleged violation of it might require an evidentiary hearing but for the fact that the Supreme Court of Tennessee in Sambolin v. State, 215 Tenn. 569, 387 S.W.2d 817 (1965), held that it was error to admit the confessions, and applied the harmless error rule and affirmed the petitioners convictions.

We think it is appropriate here to recite some of the facts of the three robbery convictions about which the petitioner complains in his post-conviction petition.

The petitioner Sambolin freely and voluntarily confessed his guilt and gave the officers written consent to search the apartment where he lived, accompanied the officers to the apartment and was present when the officers searched it and found in excess of $900.00 in cash, a .38 caliber snub-nosed revolver, a .38 automatic pistol and a .357 Magnum pistol and ammunition for each pistol. The petitioner had on his person $250.00 at the time of arrest.

Sambolin told the officers that his companion in the Holiday Inn robbery at 1262 Union was his co-defendant, Raymond Earl Martin and told the officers where the money and the pistols used in the robbery were hidden.

Mrs. Stella Vines testified she was the night auditor at Holiday Inn Motel at 1262 Union Avenue, Memphis, Tennessee. She was alone about 2:30 A.M., October 8, 1963, that two white men whom she identified as petitioner Sambolin and Raymond Earl Martin came in armed with pistols drawn and demanded the money. They told her to lay it out on the counter. That they robbed her of the money, $200.00 in cash and change and $1700.00 in checks belonging to the Holiday Inn, and they took from her purse $15.00 in currency.

H. R. Stalnaker testified he was on duty as manager of Seaboard Finance Company, 1965 S. Third Street, Memphis, Tennessee on October 15, 1963 and that two men whom he identified as petitioner Sambolin and William Lee Towers armed with pistols robbed the Seaboard Finance Company and took $1287.00 in money in his presence and in the presence of Miss Glissom. That the robbers ordered him and Miss Glissom into the restroom and told them to remain there five minutes.

Miss Wanda Glissom testified substantially the same as Mr. Stalnaker, and identified the robbers as petitioner Sambolin and William Lee Towers.

Sambolin told the officers that his co-defendant William Lee Towers participated with him in the robbery of the Seaboard Finance Company, 1965 S. Third Street, Memphis, Tennessee.

Gerald Whalen, who was night manager of another Holiday Inn at 1491 Summer Avenue in Memphis testified that about 3:00 A.M., October 14, 1963 two men whom he identified as petitioner Sambolin and William Lee Towers, armed with pistols drawn on the victim robbed this Holiday Inn of approximately $197.50. This witness gave a detailed account of how Sambolin and Towers committed the robbery.

After the robbery Sambolin and Towers ordered Whalen and the porter, Williams, into the restroom with instructions to remain there. The victims were put in fear of their lives.

Alonzo Williams, Jr., who was employed as a porter at the Holiday Inn at 1491 Summer Avenue, Memphis, was present and his testimony was substantially the same as the manager, Gerald Whalen.

Sambolin told the officers that his co-defendant Bill Towers was with him and participated in the robbery of the Holiday Inn at 1491 Summer Avenue. That Ray Martin drove the car to the scene of the hold up and waited in the car. Ray Martin admitted this and said he got about a third of the $150.00 taken in the hold up.

It is clear from the testimony of the victims of these three robberies that the petitioner Sambolin and his co-defendants were proven guilty and that a conviction should and would have been had without the introduction of their confessions.

It was held in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, decided June 2, 1969, that:

"But we conclude that on these special facts the lack of opportunity to cross-examine Cooper and Bosby constituted harmless error under the rule of Chapman.

Rhone, whom Harrington's counsel cross-examined, placed him in the store with a gun at the time of the murder. Harrington himself agreed he was there. Others testified he had a gun and was an active participant. Cooper and Bosby did not put a gun in his hands when he denied it. They did place him at the scene of

(395 U.S. 254, 89 S.Ct. 1728)

the crime. But others, including Harrington himself, did the same. Their evidence, supplied through their confessions, was of course cumulative. But apart from them the case against Harrington was so overwhelming that we conclude that this violation of Bruton was harmless beyond a reasonable doubt, unless we adopt the minority view in Chapman [v. California] (386 U.S. [18], at 42-45, 87 S.Ct. [824] 17 L.Ed.2d [705] at 720-723) that a departure from constitutional procedures should result in an automatic reversal, regardless of the weight of the evidence."

\*     \*     \*     \*     \*     \*

We do not depart from Chapman; nor do we dilute it by inference. We reaffirm it. We do not suggest that, if evidence bearing on all the ingredients of the crime is tendered, the use of cumulative evidence, though tainted, is harmless error. Our decision is based on the evidence in this record. The case against Harrington was not woven from circumstantial evi-

dence. It is so overwhelming that unless we say that no violation of Bruton can constitute harmless error, we must leave this state conviction undisturbed.

Affirmed.

In Sambolin v. State, 215 Tenn. 569, 387 S.W.2d 817 in these same cases our Supreme Court held:

> "This Court, in Wilson v. State, 109 Tenn. 167, 70 S.W. 57 and quoted with approval in Hamblin v. State, 126 Tenn. 394, 150 S.W. 89, in regard to these statutes said, "(This Court) * * * will not permit an offender to escape through mere irregularities and technicalities, nor even through errors which it can see have not operated to the prejudice and hurt of the defendant." (emphasis supplied).

> In the case at bar, with all alleged erroneous evidence excluded, we have no doubt the jury would have reached the same result, unless they acted arbitrarily, which we cannot assume they would have done. Thus we find no errors in this record which operated to the prejudice of these defendants.

> We have a case here on appeal styled Reuben Joseph Sambolin and William Lee Towers v. State of Tennessee. This case from the Criminal Court of Shelby County is under indictment number 97331. Counsel for these defendants and Counsel for the State have stated in oral argument, before this Court, that the same matters are at issue in both cases and this opinion will suffice for both.

> It results the judgment in the Criminal Court for Shelby County against Reuben Joseph Sambolin and

Raymond Earl Martin under Indictment No. 97330 is affirmed. Also the judgment in the Criminal Court for Shelby County against Reuben Joseph Sambolin and William Lee Towers, under Indictment No. 97331, is affirmed."

The trial judge in his clear and excellent memorandum pointed out that this is Reuben Sambolin's third application for relief and that he does not attack his conviction on indictment number 97332 where he and his co-defendants William Lee Towers and Raymond Earl Martin were convicted of robbery by the use of deadly weapons and Sambolin's punishment fixed at fifteen (15) years and Towers and Martin's sentences at 10 years each, for robbery of Gerald Whalen at Holiday Inn at 1491 Summer Avenue, Memphis.

The petitioner's complaint was directed at his conviction in Number 97330 on May 25 and 26, 1964, when he was found guilty with his co-defendant Martin of the robbery with deadly weapons of Stella Vines at Holiday Inn, 1262 Union Avenue, Memphis, where Sambolin's punishment was fixed at 20 years and Martin's set at 12 years, and in his conviction on the indictment in Number 97331 where he was convicted of robbery with deadly weapons of H. R. Stalnaker at Seaboard Finance Company, with co-defendant Towers and Sambolin's punishment was fixed at 20 years and Towers punishment at 19 years.

Both of these convictions in Number 97330 and Number 97331 were affirmed in Sambolin v. State, 215 Tenn. 569, 387 S.W.2d 817, where counsel for the state and for the defendants conceded in oral argument before the

Supreme Court that the matters at issue in both cases were the same and that one opinion would suffice for both. The facts, circumstances and the legal questions are so similar in these three trials that this would also be true of the conviction in Number 97332.

We are convinced the trial judge's conclusion is correct and hold that the record before the trial court shows on its face that the petitioner is entitled to no relief because the ground for relief has been previously determined by the Supreme Court of Tennessee in its review of his convictions.

The judgment of the trial court is affirmed.

We thank court-appointed counsel for his valuable service rendered to the defendant.

OLIVER and GALBREATH, JJ., concur.