Jessie James **TAYLOR**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Dec. 22, 1971.

Certiorari Denied by Supreme Court
Feb. 22, 1972.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Ewell C. Richardson and Thomas E. Crawford, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Jessie James Taylor, and one Marshall Harris were jointly indicted in Shelby County for robbery by use of a deadly weapon. On the trial day the court granted a severance as to Harris. Taylor was convicted and sentenced to ten years' imprisonment. He appeals.

■ The state's evidence shows that on September 21, 1970, at about 10:00 P.M., Taylor and Harris entered a 7-Eleven grocery store in Memphis. Harris had a pistol belonging to the defendant who told an employee, Jerome Wright, to give them all the money. The robbers made Wright and two customers lie on the floor but had Wright get up and open a second cash register. They obtained $164.13 from the store and about $50 from the young men on the floor which they later divided. When they fled, Wright fired two shots at them and Harris replied with a shot from Taylor's pistol.

Harris testified for the state. Wright identified Taylor and Taylor confessed to the crime. Testifying in his own behalf, Taylor denied any participation in the crime and repudiated his confession, saying that he was under drugs and marijuana when he confessed.

The proof abundantly sustains the conviction and the assignments on the weight of the evidence are overruled.

Taylor contends a pistol was introduced as the result of an illegal search based on an illegal arrest.

■ The police had a tip from an informer and showed Wright a number of photographs from which he identified Taylor as one of the robbers. Based on that information, officers went to Taylor's home and arrested him for the robbery. Taylor was in bed and started toward a chifforobe, on the lower shelf of which, in plain sight, was a .25 caliber pistol. The arrest was lawful. Greer v. State, Tenn. Cr.App., 443 S.W.2d 681. The officers properly seized the pistol in plain view near the defendant. No constitutional rights were violated.

Furthermore, on his direct examination, the defendant testified that the pistol was in the house although he denied ownership. See Lester v. State, 216 Tenn. 615, 393 S. W.2d 288.

■ The defendant says that the court erred in permitting a severance to be entered as to Harris. He says that Harris entered a plea of guilty before some of the witnesses. No objection was made at the time and the record does not show that this took place. These assignments are overruled.

■ He further contends that Harris' name was not on the indictment as a witness and the court should not have permitted him to testify. Although he was listed as a codefendant rather than a witness, we do not think he was disqualified to testify. We find no prejudice here. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ The defendant contends it was error to permit into evidence the defendant's photograph and a number of others submitted to Wright for his identification. We think these photographs were material at the out-of-court hearing on the question of probable cause for the arrest but that they should not have been presented to the jury. This was harmless. T.C.A. § 27–117.

The officers properly warned the defendant at the time of his arrest and before questioning him. He says he told them to put him in a lineup and he did not care to have a lawyer. The confession was written and signed October 3, 1970, after his arrest two days earlier. The written confession was actually the defendant's oral statements reduced to writing. On demand of the defendant under T.C.A. § 40–2441, the state furnished him the written confession and the names of those

present. It did not furnish the oral statements or the names of those present. The defendant objected to the oral statements. The state proved that oral statements were made and the contents of the written confession.

In Sambolin v. State, 215 Tenn. 569, 387 S.W.2d 817, the Supreme Court held that the trial judge was in error in allowing the officers to testify in regard to oral admissions, later reduced to writing, which were not furnished the defendant on request. It found the error did not operate to the prejudice of the defendant. We so hold here.

We find no prejudice to the defendant in the fact that he was not taken to a magistrate until October 5, 1970, four days after his arrest.

We have fully considered all assignments of error and find them without merit.

The judgment is affirmed.

RUSSELL and O'BRIEN, JJ., concur.