**Jackie WYNN, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Nov. 15, 1973.

Certiorari Denied by Supreme Court
March 4, 1974.

Ed Lane, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

From his conviction of burglary with a five-year penitentiary sentence, the defendant below, Jackie Wynn, appeals in error.

The state's evidence, which the jury accepted, showed that about 9:30 P.M., April 27, 1972, the dwelling house of Mrs. Margaret Case in Chattanooga was broken and entered and ransacked. A television set, radio and jewelry were taken. Ruth Smith, a friend of Mrs. Case, saw the defendant and three other young men jump off the porch and leave in an automobile. Mrs. Smith looked at the wrecked home and called Mrs. Case at her place of employment and told her the condition in which she found her house. Mrs. Case returned and saw the house in disarray with drawers opened and articles thrown on the floor.

Teresa Case, 15-year-old daughter of Mrs. Case, had locked the house at about 7:30 P.M. and had walked with a girl friend to the friend's home. As she returned the defendant, with three boys, stopped her and told her that he had broken into the house and if her mother tried to get a warrant he and his brothers would burn the house or kill her. Later the defendant called to Mrs. Case, "How did you like it that your house got broke into, bitch?"

The defendant did not testify. By his brother he offered evidence, denied by Teresa Case, that she was at home and was having a beer-drinking party with the defendant and a number of boys. By this testimony she was entertaining these boys at her home and there was no burglary.

The defendant assigns as error the cross-examination of his brother by the assistant district attorney general. He says this was designed to elicit from the witness that the defendant was confined in the workhouse. The prosecutor asked when the brother talked with the defendant. He did not inquire where the conversation took place. The witness answered that he could not get to see the defendant at Silverdale or the county until he turned 18 and that was February 10th. The answer giving the defendant's location was not responsive to the question. If the jury understood that the defendant was incarcerated, there was no reason for it to believe he was confined on another charge. The assignment is without merit.

The defendant says Teresa Case was an accomplice because she said she

knew where the stolen goods were and had seen some of them at another home. There is no evidence that she took part in the burglary or that she was an accomplice. Although we hold that she was not an accomplice, we find abundant evidence supporting her testimony. By other testimony, the house was broken and entered, the articles taken and the defendant seen with others running from the house at approximately the time of the burglary. This assignment is overruled.

We find no substance to the assignment that the prosecutor deprived the defendant of the names of any witnesses that could assist him.

■ The defendant complains he should have been given a list of witnesses to his oral admission to Teresa Case. He requested and was granted the discovery authorized by T.C.A. § 40–2441. That statute applies to admissions before law enforcement officers or an agency of the state and is inapplicable to statements made to others. Chadwick v. State, 219 Tenn. 296, 409 S.W.2d 367. This admission does not fall within the provisions of this section and the assignment is overruled.

■ The trial judge, on motion of the assistant attorney general, deleted from the familiar and oft-approved instruction on circumstantial evidence that it must be such as to exclude every other reasonable hypothesis than that of the defendant's guilt. For this settled rule, he substituted: " . . . (B)efore a jury would be justified in finding a defendant guilty upon circumstantial evidence, they must be satisfied from the evidence beyond a reasonable doubt of the guilt of the defendant." He was evidently relying on Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150. There the United States Supreme Court held that where a jury is properly instructed on the standards for reasonable doubt, an additional instruction on circumstantial evidence is confusing and incorrect.

The federal rule applied in that income tax evasion case does not apply in this state. For the language adopted and approved here, see Turner v. State, 72 Tenn. 206; Lancaster v. State, 91 Tenn. 267, 18 S.W. 777; Stinson v. State, 181 Tenn. 172, 180 S.W.2d 883. On this question, see also Underhill's Criminal Evidence, Sixth Ed., Sec. 19; and Marable v. State, 203 Tenn. 440, 313 S.W.2d 451.

Although it is always safer to instruct the familiar rules laid down by our Supreme Court, in this case we find no prejudice to the defendant. No special instruction was requested by the defendant and the court was not required to instruct on circumstantial evidence, there being both direct (his confession to Teresa) and circumstantial evidence in the case. If the defendant wanted a clarification of the instruction, he should have submitted a special request. This assignment is overruled.

■ The defendant urges that the trial court erred by permitting the assistant district attorney general to rehabilitate its witness, Teresa Case, after she had testified that the defendant had told her he did not break in the home.

The state was obviously surprised by this testimony and was entitled to inquire out of the jury's presence about her statement that morning that the defendant had admitted the crime and threatened her mother. She reaffirmed that statement and testified to that effect before the jury. We find no error. State v. Silva, Tenn., 477 S.W.2d 517.

The evidence sustains the jury's verdict and the assignment on the weight of the evidence is overruled.

The judgment is affirmed.

GALBREATH and DWYER, JJ., concur.