**Ronnie Lee WILSON, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Sept. 3, 1975.

Certiorari Denied by Supreme Court
Feb. 23, 1976.

Frank V. Williams, III, Rockwood, for
plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Charles E. Hawk, Asst. Dist. Atty. Gen., Kingston, John C. Crawford, III, Asst. Dist. Atty. Gen., Maryville, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

In a jury trial defendant was convicted of third degree burglary with punishment fixed at not less than three years nor more than four years in the State Penitentiary. He appeals from the judgment.

By his first assignments of error defendant says the trial court erred in permitting the state's attorney to question him with regard to a purported out of court statement which the state had failed and refused to produce in response to a pre-trial request made in accordance with T.C.A. Sec. 40–2441. He also says it was error to permit a police officer to testify about the contents of this out of court statement.

Defendant has cited T.C.A. Sec. 40–2441, and *Chadwick v. State,* 219 Tenn. 296, 409 S.W.2d 367, in which a statement against interest by the defendant to a police officer was admitted without complying with the foregoing code section. Defendant also relies on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, which involves suppression of a statement made by a co-defendant admitting commission of the offense with which they were jointly charged.

 We do not believe these authorities are applicable to the situation in which the defendant finds himself. This statement made by defendant was not an oral confession or an admission against interest. The statute does not contemplate an exculpatory statement made by a defendant. Moreover, the trial judge in this case did not allow the pre-trial statement made by defendant to be admitted in evidence in this case. A defendant, who testifies on his own behalf, on the trial of a criminal case, may be impeached in the same manner as any other witness. *Peck v. State,* 86 Tenn. 259, 6 S.W. 389. A witness may be impeached by showing that his present testimony is inconsistent with a prior writing, letter, affidavit, statement to a grand jury, or statement to the police while under arrest. Wharton's Criminal Evidence, 13th Edition, Section 468. The United States Supreme Court has recently ruled that a statement made by a defendant to the police, under circumstances rendering it inadmissible in the prosecution's case in chief, because the defendant had not been warned of his right to remain silent and right to counsel, as required by Miranda, may nevertheless be used to impeach the credibility of the defendant's trial testimony. See *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. This is a salutary rule, designed to prevent perjurious testimony by a defendant at trial which we think is applicable in this case. Assignments of error No. 1 and 2 are overruled.

It is contended it was error to permit the state's attorney to question defendant and one of his witnesses about marijuana found in the automobile in which defendant was riding at the time of his arrest. It is argued that this investigation was not material or relevant to the trial of the case and tended to associate him with the commission of another crime with which he was not charged, all to his prejudice.

 We do not find in this record any place where the defendant was questioned about marijuana found in the automobile in which he was riding at the time of his arrest. When defendant was arrested, both he and the co-defendant, Michael Ray Clark, were in the vehicle owned by defendant's aunt, Christine Phillips, who was also a passenger, riding in the left rear seat. Defendant was driving and Clark was in the right front passenger seat. The officer stated on direct testimony that two marijuana cigarettes were found in the car. Defense counsel asked the aunt what she knew about the marijuana, and if it was hers. On cross-examination she was asked and responded that Mike Clark saw the police and placed the marijuana into the console of the car. This was all the testimony in reference to any marijuana. It rather ex-

**448**

onerated than implicated defendant. If anything, it tended to impeach the testimony of Mike Clark who testified for the state. We do not find any prejudice to the defendant. The assignment is overruled.

The judgment of the trial court is affirmed.

DUNCAN, J., concurs.

GALBREATH, J., 3rd member of this panel, did not participate in the decision of this case.