**Robert C. HESTER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 5, 1977.

Certiorari Denied by Supreme Court Jan. 23, 1978.

William H. Ortwein, Robert H. Feeney, Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Jerry S. Sloan, Jon Seaborg, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

DAUGHTREY, Judge.

The defendant-appellant, Robert C. Hester, was jointly indicted with one Tommy King for larceny, concealing, and receiving stolen property over the value of $100.00. Hester was tried alone and was convicted on the concealing count and sentenced to three to four years imprisonment. On appeal he challenges (1) the sufficiency of the convicting evidence, (2) the State's failure

to turn over certain tape recordings following a defense request under T.C.A. § 40–2441, and (3) the propriety and sufficiency of the trial court's instructions to the jury. We find no reversible error in the record, and, accordingly, we affirm the conviction.

The charges against Hester and King arose as the result of an undercover investigation carried out in Chattanooga in September, 1975. One of the undercover agents involved in the investigation testified that he received a call from King, who offered to sell him an office calculator for $200.00. (At trial its value was established at between $600.00 and $700.00.) During the same phone call the undercover agent also talked to Hester, whose voice the agent recognized from prior phone conversations, and who identified himself as "Corn" Hester, a nickname used by the defendant. Hester assured the agent that the $200.00 asking price was firm.

A meeting was arranged within an hour of the telephone call. The agent and his partner both testified that Hester arrived at the designated location driving his car, with King and an unidentified woman as passengers. Hester opened the trunk of his car, and King removed the stolen calculator and placed it in the agents' car. One of the agents handed King two $100.00 bills; King then gave Hester one of them, saying that "he wanted to pay some on his beer and liquor bill."

■ The defendant did not testify, but presented three witnesses by whom he attempted to shift to King the full blame for the sale of the stolen calculator. The jury rejected the defendant's version of the events surrounding the offense, and we are unable to say that the evidence preponderates against their verdict, as required in order to reverse the conviction on appeal. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963). We think there was ample evidence from which the jury could find that Hester and King were engaged in a joint venture vis-a-vis the stolen calculator. The assignment relating to the sufficiency of the proof is therefore overruled.

■ Next the defendant insists that the trial court should have suppressed testimony concerning the phone call from King and Hester, because the undercover agent to whom the call was made had taped the conversation but was unable to produce the tape recording in response to a pretrial discovery request by the defendant. At a jury-out hearing, the undercover agent testified that subsequent to the phone call he had inadvertently taped over the recording in question. There is, however, undisputed proof that some four months prior to trial the agent had met with the defendant's attorneys and told them everything he knew about the case against their client, including the substance of the telephone call in question. He also allowed the attorneys to photocopy the notes he made on the night of the offense concerning the phone call and the subsequent meeting with Hester and King.

We think these facts establish sufficient compliance with the dictates of T.C.A. § 40–2441. The defendant's reliance on *Sambolin v. State*, 215 Tenn. 569, 387 S.W.2d 817 (1965) to support his contention that the tapes constitute the "best" and only admissible evidence of the conversation is misplaced. In *Sambolin*, the accused apparently was not given notice of the State's intention to offer testimony regarding certain oral statements allegedly made by him, and, furthermore, these oral statements had been reduced to writing at some point, but no copies were furnished under § 40–2441. Here the defendant was made fully aware that his oral statement would be offered against him, and although the statement was not reduced to writing, he was given full discovery of notes made by a witness concerning the content of the statement. There was no error and the assignment is therefore overruled.

■ Lastly, the defendant complains that the trial judge's instructions to the jury concerning T.C.A. § 40–2707 were somehow misleading, and that the court erred in refusing a special request submitted by the defendant. Because the jury charge is not included in the bill of exceptions, a review

of the record as to these two assignments is not possible, and they are therefore overruled.

The judgment of the trial court is affirmed.

RUSSELL and BYERS, JJ., concur.