212

Dowdy *v.* State.

(*Jackson,* April Term, 1952.)

Opinion filed July 11, 1952.

Ray W. Churchill and John Morris, both of Memphis, for defendant.

Knox Bigham, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, L. A. Dowdy, was convicted of unlawfully carrying a pistol and punishment fixed at a fine of $50 and nine months in the workhouse.

The defendant is a member of the colored race and was convicted on the testimony of his wife, Mary Lou Dowdy. She testified that she and her husband lived on Shannon Street and on the day of the alleged offense, when she came home from her place of work, defendant jumped on her and beat her; that she ran out of the house into the street with her husband in pursuit. She further testified that the defendant told her to stop and threatened to shoot her. She looked back and saw that her husband had a pistol in his hand. She then ran faster. The defendant caught up with her and forced her to return to the house. The defendant did not testify nor did he offer any evidence in his behalf.

It is insisted that her testimony should not have been admitted on account of the fact that she is the wife of the defendant and the statements made by her were privileged communications and that the introduction of these statements were therefore inadmissible. On this point we quote from the following authorities:

"To be privileged, the subject of the communication must be one that would not have been disclosed except for the marital relation, as privilege extends only to confidential communications, and does not

cover topics incident to general intercourse or facts which come to the knowledge of the testifying spouse by means equally accessible to persons standing in the marital relation.'' Wharton's Criminal Evidence Sec. 1250.

''As a general rule, to make a communication between husband and wife privileged, it must be confidential in its nature, or at least not obviously of a different character. Wherever a communication, because of its nature or the circumstances under which it was made, is obviously not intended to be confidential, it is not privileged.'' 58 Am. Jur., Witnesses, Sec. 380.

''The essence of the privilege is to protect confidences only. This is inevitably required by the very nature of this class of privileges (ante, Sec. 2285). The purpose is to insure subjectively the free and unrestrained privacy of communication, divested of any apprehension of compulsory disclosure; and if the communication is not intended to be a private one, the privilege has no application to it.'' Wigmore on Evidence, Third Edition, Sec. 2336.

So it can be said without question that these statements made by the witness were in no sense privileged nor were they confidential in their nature. Furthermore, what took place was on a public street in the city of Memphis and the transaction was not supposed to be confidential.

It is further insisted that it was error to permit the state to place two pistols on the table in view of the jury prior to the time these pistols were offered in evidence. We fail to see how any prejudice could result. Under the only testimony introduced, the jury could not

possibly have done anything other than return a verdict of guilty.

We have considered all the assignments of error and find them without merit. The judgment of the lower court is affirmed.