Sol Wheeler, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

415 S.W.2d 121.

(*Nashville*, December Term, 1966.)

Opinion filed April 21, 1967.

156

LANCE B. BRACY, O'BRIEN PRICE, and THOMAS GUTHRIE, JR., Springfield, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, Nashville, for defendant in error; JAMES M. PORTER, District Attorney General, and ERNEST PELLEGRIN, Assistant District Attorney General, Springfield, prosecuted the case for the State in the trial court.

Mr. Justice Creson delivered the opinion of the Court.

This appeal comes from the Circuit Court of Robertson County, Tennessee. The parties will be referred to herein as they appeared in the trial court; that is, plaintiff in error Sol Wheeler as defendant, and defendant in error as the State.

On March 27, 1959, the defendant was indicted for murder in the first degree. He was first tried on this charge on April 7, 1959. The first trial resulted in a jury verdict of guilty of first degree murder. A sentence of ninety-nine years was imposed. On March 31, 1966, the United States District Court for the Middle District of Tennessee ordered the defendant to be either released from prison or returned to Robertson County for a new trial. The defendant was returned to Robertson County for the purpose of retrial.

On April 6, 1966, an order was entered appointing counsel for the defendant, who was found to be an indigent person.

On June 15, 1966, the defendant filed a motion to quash the indictment. This motion was subsequently overruled.

Prior to the trial of this case, the defendant made a motion for a change of venue. This motion was likewise overruled. The defendant was brought to trial on June 16-17, 1966. The jury found the defendant guilty of murder in the first degree, and sentenced him to ninety-nine years in the State Penitentiary. Judgment was entered in accord with the jury's verdict. Appeal has been timely perfected to this Court.

The assignments of error in this Court are as follows:

## "1.

The Court erred in overruling the motion to quash the indictment.

## 2.

The Court erred in overruling the motion for a change of venue.

## 3.

The Court erred in admitting testimony relating to defendant's confession because defense counsel were not properly furnished with copies of said confession after requesting same in compliance with T.C.A. sec. 40-2441.

## 4.

The Court erred in admitting evidence of statements made by defendant over objection by defendant that he was not advised of his right to counsel and his constitutional rights violated.

### 5.

The Court erred in admitting statements of Louise Wheeler, the same being privileged communications between husband and wife.

### 6.

The Court erred in not excluding the argument of the Attorney General to the jury in reference to no witnesses were called by the defense and the presumption that they would have testified adversely.

### 7.

The Court erred in allowing the Attorney General in his argument to the jury to state that the jury would be allowed to return a verdict of ninety-nine (99) years.

### 8.

The Court erred in refusing to charge defendant's special requests Nos. 1, 2, and 3.

### 9.

There is no evidence to support the verdict of murder in the first degree.

### 10.

The verdict of the jury does not conform to the evidence in that there was no evidence of premeditation or malice on the part of the defendant.

### 11.

The verdict of the jury is so harsh and oppressive as to evidence passion, prejudice and caprice against the defendant by having considered the case for only fifty (50) minutes.

12.

There was misconduct on the part of the jury in deliberating and discussing the evidence and verdict at an improper time and place and under improper and unreasonable circumstances.''

Before considering these assignments of error *seriatim*, it will be helpful to consider the evidence presented by the State supporting the jury's verdict in this case. The State presented in evidence the testimony of defendant's wife, Mrs. Wheeler, and several other persons who were law enforcement officers for the State of Tennessee, or for Robertson County, at the time the crime charged in the indictment occurred.

The defendant is charged in the indictment with the first degree murder of one John Rouse. It is not clearly defined when the bad blood between defendant and the deceased came into existence, but it is certainly shown to have existed by the jailing of the defendant under a peace bond for eleven months and twenty-nine days, the peace bond having been initiated by Rouse. It might be noted that the defendant's release from the jail under the aforementioned peace bond was only about three months prior to the killing of Rouse.

Mrs. Wheeler testified that on the night Rouse was killed, the defendant stuck an ice pick to her neck and forced her to accommany him to Rouse's home. Upon their arrival at Rouse's residence, Rouse came to the door with a shotgun. The defendant took the shotgun from Rouse and instructed Rouse and Mrs. Wheeler, the defendant's wife, to remove their clothes and get in bed together, so that he could shoot them at the same time. Mrs. Wheeler refused. The defendant at this time struck

Rouse on the head with the butt of the shotgun. He then marched Mrs. Wheeler and Rouse some distance and instructed them to hurry up to get to a railroad track because he heard a train coming. He then shot Mr. Rouse. Mr. Rouse fell, and he shot again. He and Mrs. Wheeler then returned to their home. Mrs. Wheeler's testimony is corroborated to a large degree, by that of the previously mentioned law enforcement officers, who testified concerning an oral confession made by the defendant to them. This statement enabled them to recover the shotgun shells used in the killing, and the shotgun itself. There is abundant other testimony in the record to justify the jury's verdict, including a threat made by the defendant, while in jail under the aforementioned peace bond initiated on Rouse's request, prior to the killing for which the defendant was tried in the present case.

■ The defendant's first assignment of error asserts that the trial court erred in overruling defendant's motion to quash the indictment. Two bases are put forward as to why the trial court's action in this regard was erroneous. The first is that the words "a true bill" were printed on the indictment, rather than written on the indictment in hand by the Foreman of the Grand Jury. It appears from the record that the Foreman did, in fact, sign the indictment as required by T.C.A. sec. 40-1706, and we see no error is the fact that the words "a true bill" were typed or printed on the indictment.

The second basis of this assignment of error is that the indictment, in defining the crime with which the defendant was charged, is not sufficiently clear and concise. The indictment reads as follows:

"The Grand Jurors for the State and County aforesaid, upon their oath, present that Sol Wheeler heretofore on or about the 12th day of February, 1959, in the County and State aforesaid, did unlawfully, feloniously, willfully, deliberately, premeditatedly and maliciously make an assault and battery upon the body of one John Rouse with a certain loaded shotgun and him the said John Rouse he the said Sol Wheeler then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, kill and murder, against the peace and dignity of the State of Tennessee.''

■ This Court has carefully read the indictment and can only conclude that it conveys to the defendant adequate notice of that with which he is charged, and the elements thereof. This is all that is required. See *State v. Estes* (1956) 199 Tenn. 406, 287 S.W.2d 40. See also, T.C.A. sec. 40-1802.

■ ■ The defendant's second assignment of error insists that the trial court erred in overruling the defendant's motion for a change of venue. T.C.A. sec. 40-2201 and the cases cited thereunder make it clear that the application for a change of venue is addressed to the sound legal discretion of the trial judge and a strong case of error and a clear case of abuse of that discretion is necessary to authorize this Court to reverse on this basis. While several newspaper articles were introduced into evidence on behalf of the defendant, these appear to be no more than the ordinary news coverage which would be provided such a trial as this. It might be noted that it appears in the record that there were only about fifty spectators in the courtroom at the time this case was tried, and that the courtroom was sufficiently large to

hold several hundred spectators. There is simply not contained in this record sufficient evidence of undue excitement against the accused in the County where the offense was committed for this Court to conclude that the trial judge abused his discretion in overruling the motion for a change of venue.

The defendant's third assignment of error insists that the trial court erred in admitting testimony relating to defendant's confession, because defense counsel were not properly furnished with copies of said confession after requesting the same, in compliance with T.C.A. sec. 40-2441. The defendant made an oral confession. At the time the confession was made, notes were taken by a TBI Agent present. These notes were later typed up and were used by the TBI Agent to refresh his memory before he testified. Under the ruling of this Court in *Sambolin v. State* (1965) 215 Tenn. 569, 387 S.W.2d 817, it was probably erroneous for the court to permit this testimony. However, it appears in the record that defendant's counsel was supplied with the names of all those who had heard the confession and were fully aware that defendant had fully confessed his guilt. Thus it appears, in view of this fact, and the entire adequacy of the other evidence presented to support the conviction of this defendant; this was, at most, harmless error, as the error in *Sambolin v. State,* supra, was likewise found to be harmless.

The defendant's fourth assignment of error urges that the trial court erred in admitting into evidence the confession of the defendant, because it was made by the defendant without his being advised of his constitutional right to counsel, and was coerced. There is testimony in the record that the defendant was advised of his con-

stitutional right not to make a statement, that any statement made by him could be used against him, and was made to fully understand that he had a right to counsel. It appears from the record that the defendant voluntarily came to the police station to make a statement; that he was asked to wait while the officers finished taking a statement from his wife, but when the officers went to the defendant to take his statement, they advised him that he did not have to make a statement and that he had a right to counsel. They further told him that they did not need a statement from him, as they already had enough evidence to send him to the electric chair. It is this Court's opinion that, under this set of facts, the defendant's confession was freely and voluntarily made; and that he was in no way deprived of his constitutional right not to make a statement and his right to counsel, as set out in the recent Supreme Court opinion in *Miranda v. State of Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

██ The defendant's fifth assignment of error is that the trial court erred in admitting into evidence the testimony of Mrs. Wheeler, as to statements made by the defendant to her, the same allegedly being privileged communications between husband and wife. The first of the statements made to Mrs. Wheeler was made while the defendant was in jail under a peace bond initiated by Rouse. In this statement, he threatened to kill Rouse. This statement was made in such a manner that it was easily audible to other persons in the vicinity and, therefore, cannot be considered a privileged communication. See *Dowdy v. State* (1952) 194 Tenn. 212, 250 S.W.2d 78. It is also contended by the defendant that the trial court erred in allowing Mrs. Wheeler to testify as to statements

made by the defendant, threatening her if she talked after he killed Rouse. The opinion in *Dowdy v. State,* supra, indicates that threats of violence against the spouse are likewise not privileged communications because they are not, in fact, confidential in their nature.

■ The defendant's sixth assignment of error objects to statements of the Attorney General, made in his closing argument, that the jury could infer from the failure of the defendant to introduce any witnesses that there were none to substantiate defendant's theory that Mrs. Wheeler and the deceased, Rouse, were having an affair of some sort. The opinion of this Court in *Gamble v. State* (1964) 215 Tenn. 26, 383 S.W.2d 48, makes it clear that it is not reversible error for the State to refer to the failure of the defendant to put on witnesses or present evidence, as opposed to reference made to the failure of the defendant, himself, to testify.

■ The defendant's seventh assignment of error urges that the trial court erred in allowing the Attorney General, in his argument, to state to the jury that they would be allowed to return a verdict of ninety-nine years. It is insisted that this invades the exclusive province of the jury in determining the proper punishment. In support of this assignment of error the defendant relies upon the case of *Graham v. State* (1957) 202 Tenn. 423, 304 S.W.2d 622. In that case, it was held to be erroneous for the trial judge to permit the Attorney General to present to the jury the comparative effect of a life sentence and a ninety-nine year sentence, on the defendant's opportunity for pardon or parole under this State's indeterminate sentence statute. In the case presently before this Court, no such extended argument was made, but the State merely suggested a ninety-nine year sentence, if the jury

chose not to impose the death penalty. It would appear that the Judge's charge, informing the jury as to the minimum and maximum sentences for each degree of homicide, and his charge to them that it was their sole responsibility to decide the degree and fix the punishment, was sufficient to render this, at most, harmless error.

 The defendant's eighth assignment of error argues that the trial court erred in refusing three special requests of the defendant. These special requests do not appear in the bill of exceptions and are not authenticated as being part of the bill of exceptions. Therefore, such requests are not properly before this Court. See *Fonte v. State* (1963) 213 Tenn. 204, 373 S.W.2d 445. It might also be noted that the trial judge's charge fully covers the matters contained in these special requests. This fully appears upon consideration of the defendant's brief.

 The defendant's ninth and tenth assignments of error urge that there is no evidence to support the jury's finding that the defendant was guilty of first degree murder. The evidence presented and contained in the record has been briefly summarized. Suffice it to say here that this Court is of the opinion that it more than adequately supports the verdict of the jury, and certainly could not be said to preponderate against it.

The defendant's eleventh and twelfth assignments of error urge that the jury's verdict is so harsh and oppressive, and its time for deliberation so short, as to indicate either passion, prejudice or caprice on the part of the jury, or, in the alternative, misconduct on the part of the jury in deliberating and discussing the evidence and verdict at an improper time or place.

Defense counsel speculates that either the jury was affected by newspaper publicity adverse to the defendant, or deliberated and discussed the evidence at some time other than the fifty minutes they were in the jury room. There is no evidence to support this assignment of error and speculation just as valid as that made by the defense counsel is made by the attorney for the State; that is, that the evidence was so overwhelming and the crime so heinous that the jury needed no more than fifty minutes to reach their verdict. The verdict returned by the jury is well within that set by statute for first degree murder, and certainly cannot be said to be so excessive as to evidence passion, prejudice or caprice.

The judgment of the trial court is affirmed, with costs of this appeal assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, conur.