RAYMOND LEVASSEUR and KATHLEEN LEVASSEUR, Appellants, v. STATE OF TENNESSEE, Appellee.

464 S.W.2d 315.

Court of Criminal Appeals of Tennessee. Oct. 20, 1970.

Certiorari Denied as to Kathleen Levasseur Feb. 16, 1971.

514

Paul D. Welker, Clarksville, Karen Ennis, Nashville, for Raymond Levasseur.

Carol Catalano, Clarksville, for Kathleen Levasseur.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

DWYER, Judge.

A jury in the Criminal Court of Montgomery County found a husband and wife, Raymond and Kathleen Levasseur, guilty of selling marijuana as prohibited by T.C.A. § 52-1303. The punishment for Raymond was fixed at a fine of $500 and confinement for not more than five years in the State Penitentiary. The punishment for Kathleen was fixed at a fine of $500 and confinement for not more than two years in the State Penitentiary. The record reflects Raymond was appointed counsel by the court and it is not clear from this record whether he had retained counsel also. The appellant Kathleen was represented by retained counsel.

The proof reflects that Raymond and Kathleen Levasseur reside in Clarksville. On February 5, 1969, an agent of the T.B.I., acting in concert with various officers of other law enforcement agencies, entered the Levasseur home for the express purpose of purchasing marijuana. He and a "confidential informer" upon knocking were admitted into the residence by the Levasseurs. He related they engaged in a conversation pertaining to an-

other man who the Levasseurs said had left town because "the heat was on." He related Raymond told him he had some marijuana buried and how much did he (agent) want. He related that he wanted around $50 worth. Raymond then went into the bathroom and returned with a plastic bag. The purchase was consummated with the agent giving Levasseur three $20's, receiving a ten in change. Mrs. Levasseur, he relates, was present and had confirmed when the "heat was on" the other man had left town. He further relates that at the sale she had confirmed the marijuana was "good stuff." He related after this sale there was a conversation about the purchase of more marijuana with an agreed date of sale being had on February 7, 1969. The proof reflects the contents of the plastic bag were identified by a chemist with the United States Food and Drug Administration as being marijuana.

On February 7, 1969, agents of the government, State and local officers armed with arrest and search warrants, effected the arrest of the appellants at their residence in Clarksville. On being admitted into the home the officers tried to thwart Raymond's attempt to flush something down the commode. A vial was taken from his hands and scrapings from the bowl and floor around the commode with the residue in the vial being identified as marijuana. There was also discovered a sack with marijuana in it. Also found at that time was a picture of the Levasseurs with marijuana being in front of them on a table.

The appellant Raymond did not testify. The appellant Kathleen testified and in sum and substance related she knew about the marijuana being in the house. She knew

about her husband receiving it and selling it but testified that she did not participate in any sale. The appellant offered a witness (pharmacist) whose testimony was objected to and not allowed to go to the jury.

■ ■ The appellants contend that the evidence does not support the verdict and the verdict is contrary to the law. In recent decisions of the Supreme Court and this Court the rule has been restated that the verdict of the jury, when approved by the trial judge accredits the testimony of the State and resolves all conflicts in favor of the theory of the State. Such a verdict has displaced the presumption of innocence and has created a presumption of guilt. Here the accused has the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107; Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768.

■ There is ample evidence in this record to support the verdict as returned against Raymond. The officer made a direct purchase of the marijuana from him. Mrs. Levasseur in substance states that the evidence against her is circumstantial and is not sufficient to support the verdict. With this insistence we do not agree.

■ In the record is found that Mrs. Levasseur on direct examination admitted she engaged in the conversation with the officer who made the sale on February 5. She admits to telling this officer that the third party he inquired about had left town. She admits to seeing the sale consummated. She further admitted that she knew her husband had the marijuana and that he sold it. She

admitted knowing that he smoked marijuana. She admitted to knowing it was in the house. She admitted to seeing people come in the house and inspect the marijuana. The agent testified at the sale she had told him the marijuana was "good stuff." These are some of the facts and circumstances to be found in this record which would support the verdict as returned by the jury against Mrs. Levasseur. The appellant relies on Marie v. State, 204 Tenn. 197, 319 S.W.2d 86. In Marie v. State, *supra,* the only question presented to our Supreme Court was the question, could the verdict be sustained upon the presumption of law that they were the owners and the possessors of the whiskey discovered in the hotel of one Marie, who was the owner and the other Marie, who served as clerk. The above-related facts proven in this record set this case apart from the Marie v. State, *supra,* case. There is much more proof in this record than the proof developed in Marie which was a presumption of law standing by itself. The appellant relies on Flippen v. State, 211 Tenn. 507, 515, 365 S.W.2d 895. In that opinion the following may be found:

> "Before one can be thus convicted there should be some evidence, at least circumstantial, that the aider and abettor participates in the crime."

As outlined there is ample evidence (direct, circumstantial) in the record to sustain the jury's verdict that she participated in the sale. The Federal rule enunciated in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, in regards to the sufficiency of circumstantial evidence is "if strong enough to convince a jury of defendant's guilt beyond a reasonable doubt, is sufficient to sustain the verdict." We have been cited to

this Federal rule of law by appellant's brief. As we view this appellant can find no comfort in this rule. We deduce that the Tennessee rule pertaining to circumstantial evidence is more exacting than the Federal. The assignment pertaining to the sufficiency of the evidence is overruled.

■ The appellants contend the court erred in refusing to allow the testimony of a pharmacist witness to go to the jury. The contention is that the testimony should have been allowed so that the jury would have a factual basis to differentiate between marijuana and narcotic drugs. Therefore, it might influence the jury's verdict. As to the amount of punishment and also that it was not habit forming, the appellants cite no authorities in support of these contentions. In T.C.A. § 52-1303:

> "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound *any narcotic drug or marihuana,* except as authorized in this chapter." (Emphasis added.)

We fail to see where the action of the trial court in disallowing this testimony to go to the jury was prejudicial. The attorney general in his reply brief contends the general assembly failed to distinguish between the sale of narcotic drugs and marijuana and therefore it would have been improper to allow testimony that one is more serious than the other. With this insistence we agree. The assignment is accordingly overruled.

The appellants contend the court erred in allowing over objection the attorney general to argue the inde-

terminate sentence law to the jury. The complained of portion of the argument is as follows:

"Now, you have heard mentioned here that it's a penalty of five years. That is not the penalty. The penalty is—not less than two or more than five. If you come back and say, 'Guilty, five years' the verdict goes down, not less than two nor more than five."

■ This was objected to, which objection was sustained by the court. We find that the argument as made was not prejudicial but if, assuming arguendo, it was it is rendered harmless by the court instructing in its charge the minimum and maximum punishment was the sole responsibility of the jury. See Wheeler v. State, 220 Tenn. 155, 415 S.W.2d 121. The assignment is accordingly overruled.

■ The appellants contend the court erred in not charging the jury T.C.A. § 39-603, *Attempt to Commit a Felony.* Further, appellants charge that the court erred in refusing to charge their special request requesting the court to charge T.C.A. § 39-603. Both appellants relied on T.C.A. § 40-2518 and cite Strader v. State, 210 Tenn. 669, 679, 362 S.W.2d 224, 228, as their authority supporting their contention. In Strader v. State, *supra,* the following language may be found:

"But we have held that such charge need not be given where there is 'no evidence' of such offense, and the charge would be a mere abstraction 'upon hypothetical questions not suggested by proof.' "

The gravamen of an *attempt* would be the lack of *consummation of the act.* In this record there is to be found

no evidence of an attempt to sell marijuana. There is found and accredited so by the verdict of the jury the completed, consummated sale of the marijuana by the Levasseurs to the agent. In the absence of factual evidence to sustain the charge as requested it is not error for the court to refuse the request. See Patterson v. State, 218 Tenn. 80, 86, 400 S.W.2d 743. The assignments are accordingly overruled.

■ The appellant Kathleen Levasseur contends that the court erred in allowing the attorney general to cross examine the appellant about a picture depicting her and her husband seated by a table with a quantity of marijuana on it. The contention is that the picture was made in another state and not relevant nor material to the issues found in this record. The appellant on cross examination admitted having the picture made. There was an objection to the competency of the attorney general's questions pertaining to it. The trial court held a hearing out of the presence of the jury. It was developed that the picture had been made a month or better prior to the trial in Waynesboro, Pennsylvania; that the marijuana in the picture was transported back to Clarksville by the Levasseurs. The court found and held that the picture was material to the issues and allowed it to be introduced in evidence. With this ruling of the trial court we agree. The appellant on direct examination admitted knowing her husband had sold, possessed and used marijuana. She admitted on cross examination to letting people in the house to inspect and buy marijuana. In the picture she is depicted as processing the marijuana (pulling the leaves off the stems). It was relevant to the issue of whether appellant was an aider and abettor to

the sale consummated on February 5, 1969, in which she denied participation.

In Wharton's Criminal Evidence, 13th Edition, Vol. 1, § 233, page 500, it is said:

"If evidence is competent, material, and relevant to the issues on trial, it is not rendered inadmissible merely because it may show that the defendant is guilty of another crime. Such evidence is not admitted because it is proof of the other crime, but because of its relevancy to the charge on trial."

When she took the stand the State had the right to cross examine her about any of the issues raised which were material and relevant to the crime charged in the indictment. The assignments are accordingly overruled.

All assignments being weighed and found wanting the judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.