**Samuel Paul ASHWORTH, Jr., and James W. Fite, Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 22, 1971.

Certiorari Denied by Supreme Court Feb. 7, 1972.

Ramon E. Womack and William H. Fisher, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Pierce Winningham, III, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

DWYER, Judge.

Samuel Paul Ashworth, Jr. and James W. Fite appeal from the judgment pronounced on the jury verdict finding both guilty of violating T.C.A. 39–1957 in an amount over $100 with resulting punishment as to both for confinement for not less than nor more than three years.

The indictment charges that they being in the capacity of debtors in possession of certain consumer goods or equipment subject to a security interest (as defined in the Uniform Commercial Code), did dispose of such goods, that is, a 1967 and a 1968 Corvette automobile.

The facts, from our purview of the record, are summarized to bring the assignments of error filed by both parties into their proper prospective. In July of 1967 Ashworth, an employee of the Commerce Union Bank, contacted a loan officer of the bank to buy a 1967 Corvette (indictment) from the Cats and Dogs Auto Center of which Fite was a vice president. The loan was in the amount of $3,841.00, and a note and security agreement acknowledging this loan and executed by Ashworth is found in the record and reflects 35 monthly payments of $107, the first payment being due on September 5, 1967. The collateral to the bank on this agreement was the 1967 Corvette automobile. The loan officer related that a copy of the note and security agreement was given to Ashworth, with the understanding they would be delivered to Mr. Fite who would apply for the title to the vehicle, recording this lien. On December 11, 1967, Ashworth again approached the same loan officer, informing him that he now desired to purchase from Mr. Fite a 1968 Corvette and that the 1967 was in the process of being sold by Fite and the proceeds would then be applied to the new purchase. He proposed then on the 1968 purchase a ninety-day note and when the sale was consummated he would then convert the ninety-day note into monthly obligations. A ninety-day note and security agreement was then executed by Ashworth and he received a loan of $4,700, which with interest for the ninety-day period, totaled $4,762.87. The same agreement was reached as to Mr. Fite applying for the title with recording of the lien, reflecting the bank collateral as being the 1968 Corvette automobile (indictment). The loan officer was unaware that neither Fite nor Ashworth had applied for title to

the 1967 Corvette reflecting the recording of the bank's lien. The record further indicates that Ashworth made monthly payments on the 1967 loan reducing the amount to approximately $2,000, with the last payment in March of 1969. He reduced the ninety-day note by a $400 payment in June of 1968. In December of 1968 he renewed the ninety-day note for a period of sixty days, due in February 1969. During the interim of May 1968 to December 1968 he made frequent inquiries of Ashworth as to the sale of the 1967 Corvette, with Ashworth informing him that Fite. (Cats and Dogs Auto Center) was still trying to consummate the sale. When the sixty-day note became due Ashworth informed him the 1967 car would be sold within ten days and then the note could be converted into the monthly transaction. When the time had expired the officer heard Ashworth was at Cats and Dogs Auto Center and met him there in the presence of Fite. The two both admitted to the loan officer that they had never applied for titles to the cars. They both, on inquiry as to the whereabouts of the cars, admitted that they had been resold. Fite showed the loan officer bills of sale where Ashworth had sold both cars to Cats and Dogs Auto Center. There was a later meeting at the bank with both defendants acknowledging the sale of the automobiles, knowing that the security agreement and notes were held by the bank. The defendants did not testify and offered proof reflecting that the titles to the cars were not recorded through the Motor Vehicle Division. This proof further developed that Fite had purchased the 1967 Corvette on July 14, 1967, and had sold it to Cats and Dogs Auto Center on September 6, 1968. It was then sold by Cats and Dogs Auto Center on the same date to a third party. The 1968 Corvette was purchased by Fite on October 23, 1967, then selling the 1968 Corvette on March 31, 1969.

■ The jury has by its verdict accredited the testimony and proof offered by the State and we are satisfied from our review of this record that a clear case of fraud was perpetrated upon the bank by Ashworth and Fite. We accordingly overrule their assignment pertaining to the sufficiency of the evidence.

■ They contend the court erred in dismissing their motion to quash the indictment. Their motion succinctly is that the indictment should have been drawn under the provisions of the Tennessee Motor Vehicle Title and Registration Law as contained in T.C.A. 59–101 et seq. The attorney general urges that the language in the indictment, as defined under the Uniform Commercial Code, has no bearing upon the substantive criminal charge and that the indictment apprises the defendants of the charge against them under T.C.A. 39–1957. In other words, he urges that the law does not require perfection of the security interest in order for it to be a violation of the law. With this we agree. We do not feel that the failure to have the security interest and note agreement between the bank and Ashworth recorded under T.C.A. 59–101 et seq. hobbles this indictment. We note that the security interest as defined in T.C.A. 47–9–107, subsection (b) covers the transaction between the bank and Ashworth. The loan officer advanced the money to Ashworth, the value being used by Ashworth (debtor) to acquire the collateral automobiles, obtaining bills of sale and subsequently reselling the automobiles without perfecting titles. The cars were then resold by Cats and Dogs Auto Center to a third party when both defendants knew that the security interest or mortgage existed in favor of the bank. The assignment is overruled.

■ They next urge T.C.A. 39–1957 is unconstitutional because it provides that if the debt is paid before the person is arraigned for trial he would not be amenable to the Statute. In other words, the argument is made that they are imprisoned for failure to pay a civil debt prohibited by both constitutions. As we view the statute the offense consists, not in the creation of

the debt or its non-payment, but rather in the fraud perpetrated on the bank by selling the cars, aware as they were of the security and note agreements. In short, the intent, we are satisfied, is to punish for the fraud and not for the debt. As the attorney general reasons, payment of the debt prior to arraignment would remove the presumption of fraud that exists in the absence of the payment of the debt. The statute is not unconstitutional. The assignment is overruled.

■ They next contend the court erred in allowing the security agreement and notes to be admitted into evidence. They contend that the lien pertaining to automobiles should have been recorded under the provisions of T.C.A. 59–101 et seq. and failure to perfect rendered the exhibits incompetent. We have held in overruling their first assignment that we do not agree with this contention. The security agreement and notes were the best evidence of the transaction, as we view it. The assignment is overruled.

■ They next contend there is no evidence to show that Ashworth ever owned the automobile or had it in his possession or that Fite was a debtor as required by T.C.A. 39–1957. The proof developed that both admitted that Ashworth had purchased the cars from Fite and later executed bills of sale to Fite (Cats and Dogs Auto Center). The acts of Ashworth become the acts of Fite and Fite becomes a debtor when he is in concert with Ashworth. Fite was aware by his admissions that he had knowledge of the debt and transferred title to the two cars to third parties. The assignment is overruled.

■ They next insist Fite had no notice that the bank had a security interest in the automobiles and could not have because there were no certificates of title. The proof reflects both admitted knowledge of the security interest and notes that the bank had on the cars. The assignment is overruled.

They next contend the court erred in not directing a verdict of not guilty in that there was no evidence that the defendants had sold the automobiles subject to a security interest which had been perfected. We have found there is ample proof in this record to sustain the conviction. The assignment is overruled.

■ They next contend that the court erred in not charging special requests, some eight in number. We note that they are set out in the motion for new trial but are not found in the bill of exceptions. See Wynn v. State, 181 Tenn. 325, 181 S. W.2d 332; Wheeler v. State, 220 Tenn. 155, 415 S.W.2d 121. The assignment is overruled.

They next contend that the charge as given failed to charge the jury on the crime. In our review of the charge as given we find it was full, fair and adequate and charged every element of the crime as found in T.C.A. 39–1957. The assignment is overruled.

The judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.