# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2002

## STATE OF TENNESSEE  v.  RANDALL VERTIS GRAINGER

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-800-260     Timothy L. Easter, Judge**

---

**No. M2001-02178-CCA-R3-CD - Filed October 22, 2002**

---

Defendant appeals his conviction in the Williamson County Circuit Court for one count of aggravated sexual battery. Defendant raises the following issues for our review: 1) whether the evidence was sufficient to support his conviction; 2) whether the trial court erred in failing to instruct the jury on attempted aggravated sexual battery, sexual battery, attempted sexual battery, or attempted assault; 3) whether the trial court erred in approving and adopting the jury imposed fine of $10,000; and 4) whether the trial court erred in imposing a ten-year sentence. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which J. CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

John H. Henderson, District Public Defender, Franklin, Tennessee, for the appellant, Randall Vertis Grainger.

Paul G. Summers, Attorney General and Reporter; Helen Walton Yarbrough, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

On August 14, 2000, the Williamson County Grand Jury returned a one-count indictment against Defendant, charging him with aggravated sexual battery. The named victim is Defendant's niece. A jury convicted the Defendant, and he was fined $10,000 and sentenced to ten years as a Range I standard offender.

Though evidence of more than one incident between Defendant and his niece was introduced at trial, at the conclusion of the proof, the state elected to have the jury consider only the following incident. This incident occurred when B.B., the victim, was seven years old. (We will refer to the minor victim by her initials.) She was living with her grandmother in Nashville and was visiting her aunt and uncle, the Defendant, in Franklin. B.B. testified that on returning from a trip to the hardware store with the Defendant, he pulled his van over and stopped in a field. He told her to pull her shorts down and she said "no." He told her again to pull her shorts down and told her not to tell anybody. She further testified that Defendant "touched it," explaining that he put one hand between her legs and touched her "privates." The victim testified that while Defendant was touching her, he said that he liked to touch his wife's privates.

Kevin Teague, a Detective Sergeant with the Franklin Police Department, testified that he took two statements from the Defendant. Teague testified that on the first occasion, the Defendant speculated that the meeting concerned his niece, before the detective made any mention of the victim's name. In a written statement, Defendant described the incident that occurred on the way home from the hardware store. He claimed that his niece pulled her shorts down and told him that she had hair on her privates like her aunt Kellie, the Defendant's wife. He claimed that he told her to pull her shorts back up and did not touch her. Also according to Defendant's written statement, his niece asked him if he had ever "sucked on body parts like a bottle."

Defendant's testimony at trial mirrored his written statement to police. He admitted that the incident had occurred, but not as the victim described. He claimed that his niece had initiated the incident, testifying that the seven year old had been sexually aggressive toward him. Following an incident that occurred in Defendant's home, he told his wife that he thought their niece had been molested in the past and to watch her. His wife, the victim's aunt, testified at trial that Defendant never told her that B.B. had "come onto" him, as Defendant claimed.

**Sufficiency of the Evidence**

First, we address the issue of whether the evidence at trial was sufficient to support a finding of guilt beyond a reasonable doubt. When an accused challenges the sufficiency of the convicting evidence, we must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Keough*, 18 S.W.3d 175, 180-81 (Tenn. 2000) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In so determining, this Court must review the evidence in a light most favorable to the prosecution, affording it the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Keough*, 18 S.W.3d at 181 (*citing State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). Questions regarding the credibility of the witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact, not this Court. *Bland*, 958 S.W.2d at 659. Furthermore, a guilty verdict replaces the presumption of innocence with a presumption of guilt, which defendant has the burden of overcoming on appeal. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

A conviction of aggravated sexual battery requires proof of "unlawful sexual contact with a victim...who is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a)(4) (1997). Sexual contact is the "intentional touching of the victim's... intimate parts" if the touching can be "reasonably construed as being for the purpose of sexual arousal or gratification." *Id*. § 39-13-501(6). In this case, the victim's age is undisputed. According to the victim's testimony, Defendant made her pull her shorts down, put his hand between her legs, and then touched her privates. Viewing this evidence in a light most favorable to the State, this testimony is sufficient for the jury to conclude that the Defendant touched the victim's intimate parts.

In *State v. Hayes*, 899 S.W.2d 175 (Tenn. Crim. App. 1995), this Court held that one factor from which the jury could infer that the touching was for the purpose of defendant's sexual gratification was the time and place of the incident, when a victim was alone with the defendant. *Id*. at 179. In a light most favorable to the prosecution, the proof shows that Defendant and the victim were alone in a van. Defendant drove the van into a field and stopped the vehicle. He made her pull her shorts down and touched her "privates," between her legs, and told the victim not to tell anybody about the incident. Also, the victim's testimony that Defendant told her he liked to touch his wife's "privates" supports the inference that the touching was for sexual arousal or gratification. Under all the circumstances, the jury could reasonably infer beyond a reasonable doubt that the Defendant's acts were done for the purposes of sexual arousal or gratification.

Defendant asserts that because his testimony and that of the victim conflict, there is insufficient evidence to support a finding of guilt beyond a reasonable doubt. Defendant denied having touched the victim and testified that the victim pulled her shorts down, saying that she had hair on her privates like her aunt. He testified that he then told her to pull her shorts back up and did not touch her. All conflicts in trial testimony are resolved in favor of the jury verdict. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Affording the appropriate weight to the jury's accreditation of the testimony and the inferences drawn therefrom, we conclude that Defendant is not entitled to relief on this issue.

**Jury Instructions**

Next, we consider the Defendant's argument that the trial court erred in failing to instruct the jury on several lesser-included offenses. Defendant was indicted for aggravated sexual battery. Specifically, the indictment alleged that the Defendant "unlawfully, intentionally and feloniously, did engage in unlawful sexual contact with a child under the age of thirteen (13). . . ." *See* Tenn. Code Ann. § 39-13-504(a)(4) (1997). After the close of all the evidence, the trial court instructed the jury on aggravated sexual battery, a class B felony, and the lesser-included offense of assault, a class B misdemeanor as defined in Tenn. Code Ann. § 39-13-101(a)(3). The Defendant complains that the trial court also should have instructed the jury on the offenses of sexual battery and attempted aggravated sexual battery, for which the trial court denied Defendant's request at the close of proof, as well as attempted sexual battery and attempted assault, which Defendant did not raise at trial and now alleges as plain error on appeal.

It is well-established that a trial court has a duty to give a complete charge of the law applicable to the facts of the case. *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986). As part of this duty, a trial court is required by statute to charge juries as to the law of each offense "included" in an indictment. Tenn. Code Ann. § 40-18-110(a) (1997). This requirement extends to lesser-included offenses and is not contingent on specific requests for such instructions by the defendant or prosecution. *Id.*; *see also State v. Fowler*, 23 S.W.3d 285, 288-89 (Tenn. 2000). The controlling criteria for determining whether an offense is a lesser-included offense were established in *State v. Burns*, 6 S.W.3d 453, 467 (Tenn. 1999). An offense is lesser-included if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>
>> (1) a different mental state indicating a lesser kind of culpability; and/or
>>
>> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>
>> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>>
>> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>>
>> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

*Burns*, 6 S.W.3d at 466–67.

Here, the record reflects that the trial court instructed the jury on the offenses of aggravated sexual battery and class B misdemeanor assault. The elements of aggravated sexual battery are unlawful "sexual contact" with a victim less than thirteen (13) years of age. *See* Tenn. Code Ann. § 39-13-504(4) (1997). As relevant here, "sexual contact" is defined as the "intentional touching of the victim's...intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's...intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." *Id*. § 39-13-501(6). The trial court gave the following instruction on the crime of aggravated sexual battery:

For you to find the defendant guilty of [aggravated sexual battery], the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) the defendant had unlawful sexual contact with the alleged victim in which the defendant intentionally touched the alleged victim's intimate parts, or the clothing covering the immediate area of the alleged victim's intimate parts; and

(2) that the alleged victim was less than thirteen (13) years of age; and

(3) that the defendant acted either intentionally, knowingly or recklessly.

The trial court also instructed the jury on class B misdemeanor assault, which the Tennessee Supreme Court has held to be a lesser-included offense of aggravated sexual battery under part (b)(2) of the *Burns* test. *State v. Swindle*, 30 S.W.3d 289, 293 (Tenn. 2000) (trial court's failure to instruct on misdemeanor assault was harmless error). In determining whether the trial court should have instructed the jury as to the additional "lesser-included" offenses, as asserted by Defendant, we are guided by the analysis of the Tennessee Supreme Court in *State v. Allen*, 69 S.W.3d 181 (Tenn. 2002). Our inquiry is: 1) whether the offense is a lesser-included offense of aggravated sexual battery; 2) whether the evidence supports an instruction on the lesser-included offense; and 3) whether the trial court's failure to instruct, if error, was harmless error. *Id*. at 187.

With respect to the offenses of attempted sexual battery and attempted assault, Defendant failed to raise the issue in his motion for new trial, and therefore, it would normally be waived. *See* Tenn. R. App. P. 3(e) ("no issue presented for review shall be predicated upon error in...jury instructions granted or refused...unless the same was specifically stated in a motion for new trial"). Nevertheless, in our discretion, we address all of the lesser-included offenses asserted by Defendant. However, our review of the record reveals that even if the issue were properly before us, we would find it without merit.

We begin our analysis with the offenses of attempted aggravated sexual battery and attempted assault. Both offenses meet the requirements of a lesser-included offense under part (c)(2) of the *Burns* test. Attempted aggravated sexual battery is an attempt of the offense charged, and attempted assault is an attempt of a lesser-included offense under part (b). Having concluded that attempt is a lesser-included offense, the second component of the *Burns* test requires us to determine whether the lesser-included offense should have been submitted to the jury. *Burns*, 6 S.W.3d at 467. "First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense.... Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense." *Id*. at 469.

Defendant's argument with respect to the offenses of attempted aggravated sexual battery and attempted assault fails under the first prong of the analysis. To commit an attempt, a person must possess the intent to commit the designated offense. A person is guilty of attempt if he "[a]cts with

the intent to complete a course of action...that would constitute the offense" and his "conduct constituted a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101 (1997). An "attempt" necessarily means that the offense was not completed. *Levasseur v. State*, 464 S.W.2d 315, 319 (Tenn. Crim. App. 1970). Without judging the credibility of the witnesses, we find that the record shows that either Defendant made the victim pull her shorts down and touched her between her legs, as she contends, or the victim pulled her shorts down herself and Defendant did not touch her, as he contends. Both witnesses' testimony was unequivocal with regard to whether or not the touching occurred. There is no proof in this record that could lead to even an inference that Defendant attempted to commit aggravated sexual battery or class B misdemeanor assault, but failed to do so. Therefore, no reasonable mind could accept as to the lesser-included offense of attempted aggravated sexual battery or attempted class B misdemeanor assault. While, as a general rule, proof of the greater offense will always warrant an instruction of a part (a) lesser-included offense, the supreme court in *Allen* held that "[f]or lesser offenses under part (c), proof of the greater offense will not necessarily prove the lesser offense." *Allen*, 69 S.W.3d at 188. We conclude that the trial court did not err by not charging the jury on the lesser-included offenses of attempted aggravated sexual battery and attempted assault.

Next, Defendant argues that the trial court erred in denying his request at the close of proof for an instruction on sexual battery, a class E felony. We disagree, and hold that sexual battery is not a lesser-included offense of aggravated sexual battery *as charged* in this case. We begin by analyzing the statutory elements of the two offenses under *Burns*. Sexual battery is unlawful sexual contact with a victim accomplished either: 1) by force or coercion; 2) without the victim's consent; 3) when defendant knows the victim is mentally incapacitated or physically helpless; or 4) by fraud. Tenn. Code Ann. § 39-13-505 (1997). By comparison, aggravated sexual battery, as charged in the indictment against Defendant, is the unlawful sexual contact with a victim who is less than thirteen (13) years of age. *Id*. § 39-13-504(a)(4). In this case, all of the statutory elements of the offense of sexual battery are not included within the statutory elements of aggravated sexual battery as alleged in the indictment. *Burns*, 6 S.W.3d at 469. Therefore, sexual battery is not a part (a) lesser-included offense under *Burns*, in this particular case.

We recognize, however, that in some cases, sexual battery may be a lesser-included offense of aggravated sexual battery under part (a) of the *Burns* test. For example, aggravated sexual battery committed by force or coercion where the defendant is armed with a weapon, in violation of § 39-13-504(a)(1), includes the lesser offense of sexual battery committed by force or coercion, in violation of § 39-13-505(a)(1). In this case, however, Defendant was charged with violating § 39-13-504(a)(4) of the Tennessee Code, which prohibits unlawful sexual contact with a victim less than thirteen (13) years of age. To convict Defendant of that offense, no proof is required of force or coercion, or any other of the "additional" elements required to prove sexual battery. *See* Tenn. Code Ann. § 39-13-505.

Likewise, in this case, sexual battery is not a lesser-included offense under part (b) of the *Burns* test. Under part (b), an offense is still a lesser-included offense if "it fails to meet the definition in part (a) *only* in the respect that it *contains* a *statutory element* or *elements establishing*

6

(1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm...” *Burns*, 6 S.W.3d at 466-467 (emphasis added). In assessing the degree of culpability, we look at the seriousness of the offense, the severity of the punishment, and “the overall degree of blameworthiness” associated with each offense. *State v. Bowles*, 52 S.W.3d 69, 76-77 (Tenn. 2001); *State v. Ely*, 48 S.W.3d 710, 721 (Tenn. 2001).

In *State v. Bowles*, our supreme court held that sexual battery is a lesser-included offense of aggravated rape because of the level of harm caused by each offense. Aggravated rape requires penetration causing bodily injury, which the supreme court found to be more intrusive, and thus a more serious harm to the victim, than intentional touching for the purposes of sexual gratification. *Bowles*, 52 S.W.3d at 77. Here, the offenses of sexual battery and aggravated sexual battery both require “sexual contact” with a victim by the defendant. As defined by statute, “sexual contact” establishes the same required culpable mental state for each offense. *See* Tenn. Code Ann. § 39-13-501(6) (1997); *Ruff v. State*, 978 S.W.2d 95, 97 (Tenn. 1998).

Again, we emphasize that Defendant was charged in the indictment with aggravated sexual battery as defined in Tenn. Code Ann. § 39-13-504(a)(4), unlawful sexual contact with a victim less than 13 years old. Each “type” of sexual battery requires proof of an element or elements not included within the elements of aggravated sexual battery *as defined* in § 39-13-504(a)(4). Sexual battery as charged in § 39-13-505(a)(1) requires proof of force or coercion; § 39-13-505(a)(2) requires proof of no consent by the victim and that the defendant knew or had reason to know of the lack of consent; § 39-13-505(a)(3) requires proof that the victim is mentally defective, mentally incapacitated, or physically helpless, and that the defendant knew or had reason to know of this; and § 39-13-505(a)(4) requires proof that the sexual contact was accomplished by fraud. Aggravated sexual battery and sexual battery have the *same*, and not different, “mental state” elements. None of the above “additional” elements of sexual battery establishes either a different mental state, indicating a lesser culpability, or a less serious harm or risk of harm to the victim.

Therefore, while some or all “types” of sexual battery contained in § 39-13-505 may be lesser-included offenses of aggravated sexual battery as defined in § 39-13-504(a)(1),(2), or (3) under part (a) or part (b) of *Burns*, due to the specific wording of the statutes, sexual battery is not a lesser-included offense of aggravated sexual battery as defined in § 39-13-504(a)(4) under either part (a) or (b) of *Burns*. Finally, because sexual battery is not a lesser-included offense in this case, attempted sexual battery is excluded as an attempt of a lesser-included offense under part (c) of *Burns*. Even if sexual battery were a lesser-included offense, the proof does not justify an instruction on “attempt” under our analysis above. Defendant is not entitled to relief on this issue.

**Sentence and Fine**

Defendant argues that the trial court erred in approving the $10,000 fine imposed by the jury and imposing a ten-year sentence for his conviction of aggravated sexual battery. When an accused challenges the length, range or manner of service of a sentence, our review is de novo with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-

7

401(d) (1997); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). The burden is upon the appealing party to show that the sentence is improper. *See* Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. For the presumption of correctness to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

In reviewing the record, this court must consider (a) the evidence at the trial and the sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel, (e) the nature and characteristics of the offenses, and (f) the appellant's potential for rehabilitation. *See* Tenn. Code Ann. § 40-35-210; *see also* Tenn. Code Ann. §§ 40-35-102 & -103. In *State v. Jones*, 883 S.W.2d 597 (Tenn. 1994), our supreme court said that "[t]o facilitate meaningful appellate review... the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence." *Id*. at 599-600.

Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. Tenn. Code Ann. § 40-35-210(d); *Imfield*, 70 S.W.3d at 704. Where both enhancement and mitigating factors apply, the trial court must start at the presumptive sentence, the minimum sentence in a range for a class B felony, and enhance the sentence within the range as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. §§ 40-35-210(c), -210(e). The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court if the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and the record supports its findings. *State v. Hayes*, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995); *State v. Kelley*, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000).

Defendant was convicted of aggravated sexual battery, a class B felony, which carries a sentence of not less than eight years and no more than twelve years for a Range I standard offender. Tenn. Code Ann. § 40-35-112(a)(2). The trial court sentenced Defendant to ten years in the Department of Correction. The record shows that the trial court applied two enhancing factors. While Defendant argues that his sentence is excessive, he makes no argument that the enhancement factors applied by the trial court were inappropriate. First, the trial court found that Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. *Id*. § 40-35-114(1). In addition, the court placed significant weight on factor (15), which allows enhancement for abuse of a position of private trust because Defendant was the victim's uncle, who was charged with her care during her visits with him. *Id*. § 40-35-114(15). The trial court acknowledged proof of Defendant's good employment history, but gave it little weight as a mitigating factor, stating "I don't believe Defendant should be rewarded for conducting himself the way we're all expected to conduct ourselves." The record shows that the trial court gave due consideration and proper weight to the factors and principles set forth under the

sentencing law, and the court's determinations are adequately supported by the record. *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000).

Finally, we address Defendant's argument that a $10,000 fine is excessive in light of his indigent status. This Court has authority to review fines as part of the sentence. *State v. Bryant*, 805 S.W.2d 762, 767 (Tenn. 1991). While a defendant's ability to pay is a factor in assessing a fine, it is not controlling and proof of indigence alone does not preclude the punishment of a fine. *State v. Marshall*, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993). The seriousness of the crime for which the defendant was convicted also deserves consideration. *Id*. Here, Defendant was convicted of aggravated sexual battery of a seven year old child. The maximum fine authorized by statute for a class B felony is $25,000. Tenn. Code Ann. § 40-35-111(b)(2). While we recognize that Defendant is indigent and the fine may work a substantial hardship on him, we conclude that the fine is appropriate and "justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102(1). Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

9